UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY C. SMITH,

               Plaintiff,                               Civil Action No. 14-CV-10833

v.                                               Honorable Patrick J. Duggan

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
_____/

**<u>ORDER ADOPTING IN PART AND REJECTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

On February 21, 2014, Plaintiff filed this lawsuit challenging the final decision of the Commissioner denying Plaintiff's application for disability insurance benefits. The parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Michael Hluchaniuk.

On February 23, 2015, Magistrate Judge Hluchaniuk issued a Report and Recommendation (R&R) recommending that the Court (1) deny Plaintiff's motion for summary judgment, (2) grant Defendant's motion for summary judgment, (3) impose monetary sanctions against Plaintiff's attorney pursuant to the Court's inherent sanctioning authority, and (4) refer Plaintiff's counsel for disciplinary

proceedings.  At the conclusion of the R&R, Magistrate Judge Hluchaniuk advised the parties that they may object and seek review of the R&R within fourteen days. R&R at 22 (ECF No. 12).  He further advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." *Id.*  Neither party has filed objections to the R&R, and the time to do so has expired.

The Court has carefully reviewed the R&R and agrees with the Magistrate Judge that Plaintiff's motion for summary judgment should be denied and Defendant's motion for summary judgment should be granted.  The Court therefore adopts that aspect of the R&R.

However, the Court does not agree with the Magistrate Judge's recommendation to impose sanctions against Plaintiff's counsel or to refer him for disciplinary proceedings at this time.  As the Magistrate Judge points out, another judge in this district has noted that Plaintiff's counsel, Richard J. Doud, routinely files "one-size-fits-all briefs" in social security cases, and that briefs containing "conclusory assertions" and "[un]developed argument [have] become the calling card of Plaintiff's counsel." *Fielder v. Comm'r of Soc. Sec.*, No. 13-CV-10325, 2014 WL 1207865, at *1 n.1 (E.D. Mich. Mar. 24, 2014).  The *Fielder* court warned Mr. Doud that further deficient filings may result in sanctions:

> In light of this lamentable record of filing one-size-fits-all briefs and inviting the Judges of this District to formulate arguments and search the record on his clients' behalf, Plaintiff's counsel is strongly cautioned that this Court will carefully examine his submissions in

2

future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

*Id.*

In his R&R, Magistrate Judge Hluchaniuk notes that Plaintiff's summary judgment brief in the present case was filed after *Fielder*'s admonishment, "giving [Mr. Doud] more than adequate notice that he would be subject to sanctions if he continued to file such egregiously poor work product." R&R at 20. In the view of the Magistrate Judge, Plaintiff's summary judgment brief in the present case contains "woefully underdeveloped arguments," and Mr. Doud's continued failure to file adequate briefs even after *Fielder*'s warning amounts to "'conduct [that] is egregious and a wanton abuse of the judicial process tantamount to bad faith, resulting in the gross misrepresentation of his client.'" R&R at 21 (quoting *Swadling v. Comm'r of Soc. Sec.*, No. 14-CV-10251 (Report and Recommendation) (E.D. Mich. Dec. 30, 2014), and *Armstrong v. Comm'r of Soc. Sec.*, No. 13-CV-14218 (Report and Recommendation) (E.D. Mich. Nov. 20, 2014)).[1]

The Court has thoroughly reviewed the brief filed by Mr. Doud in the present case. While the quality of the brief is certainly poor, and below that which

---

[1] In both *Swadling* and *Armstrong*, Magistrate Judge Mona K. Majzoub recommends monetary sanctions against Mr. Doud for his filing of inadequate briefs. To date, both R&Rs remain pending, with no objections filed.

is acceptable or appropriate in this Court, the Court does not believe that sanctions pursuant to the Court's inherent authority are appropriate in this case.  First, the brief here is not *as* deficient as the brief filed by Mr. Doud in *Fielder*.   In particular, the brief in the present case contains slightly more discussion of case-specific facts and circumstances than does the brief in *Fielder*.  Second, although the Court's inherent sanctioning authority "extends to a full range of litigation abuses," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 2134 (1991), this Court typically reserves its inherent sanctioning power for situations in which an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings."  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).  The potentially sanctionable conduct here – poor advocacy – does not fall neatly in the category of conduct for which sanctions are appropriate under the Court's inherent authority.

For these reasons, the Court rejects the Magistrate Judge's recommendation to impose sanctions on Plaintiff's counsel, but otherwise adopts the R&R.  While the Court disagrees with the Magistrate Judge's recommendation to impose sanctions, the Court nonetheless strongly admonishes Plaintiff's counsel to ensure that the briefs he files with this Court in the future do not contain boilerplate recitations of statutes, regulations, and cases, but rather an appropriate discussion

4

of pertinent legal authority and the application of that authority to the facts of the case at hand.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED**.


Dated:                                          s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Richard J. Doud, Esq.
John C. Benson, Esq.
Karla J. Gwinn, Esq.
Theresa M. Urbanic, Esq.